IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK CRANE, individually and on behalf of all others similarly situated, | CIVIL ACTION NO. 2:22-CV-11267 |
| Plaintiff, | DISTRICT JUDGE TERRENCE G. BERG |
| v. | MAGISTRATE JUDGE CURTIS IVY, JR. |
| AMERICAN BAR ASSOCIATION, | |
| Defendant. | |

## DEFENDANT'S MOTION TO DISMISS COMPLAINT UNDER RULES 12(B)(1) AND 12(B)(6)

Defendant American Bar Association ("ABA") moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff's Complaint, ECF No. 1. ABA incorporates its brief in support of this Motion. The Complaint should be dismissed, in whole or in part, for three reasons.

*First*, the Complaint must be dismissed under Rule 12(b)(1) because Plaintiff has not suffered an injury-in-fact and thus lacks Article III standing to sue for statutory damages under Michigan's Preservation of Personal Privacy Act ("PPPA"), MICH. COMP. LAWS § 445.1710, *et seq.* To pursue his claim for statutory damages under the PPPA in federal court, Plaintiff must show that he has suffered a cognizable injury-in-fact; a mere statutory violation is not enough to confer standing under Article III of the U.S. Constitution. *TransUnion LLC v. Ramirez,* 141 S. Ct.

1

2190, 2205 (2021). While in some cases a PPPA violation may give rise to standing through in "the privacy in one's reading materials," *Coulter-Owens v. Time, Inc.*, 695 F. App'x 117, 121 (6th Cir. 2017), no such privacy interest is implicated here. Plaintiff is a Michigan lawyer who advertises his ABA membership (and thus his *ABA Journal* subscription) and mailing address on the website of the State Bar of Michigan. By making this information public, Plaintiff cannot establish that ABA has violated his "statutorily conferred right to privacy in" his identity as an ABA member and subscriber to the *ABA Journal*. *Pratt v. KSE Sportsman Media, Inc.*, No. 1:21-cv-11404, 2022 U.S. Dist. LEXIS 27591, at *22 (E.D. Mich Feb. 15, 2022). This Court thus lacks Article III jurisdiction over this case and must dismiss the Complaint under Rule 12(b)(1).

*Second*, any allegation that ABA violated the PPPA before June 8, 2016, is untimely under the six-year statute of limitations in MICH. COMP. LAWS § 600.5813. A PPPA claim accrues at the time of the alleged violation. *Pratt*, 2022 U.S. Dist. LEXIS 27591, at *16. Because Plaintiff waited until June 8, 2022, to file his lawsuit, any claim accruing on or before June 8, 2016—six years earlier—is barred by the statute of limitations and should be dismissed under Rule 12(b)(6).

*Third*, Plaintiff fails to plausibly allege a claim for statutory damages under the PPPA during the narrow accrual period that applies here. As stated above, Plaintiff is time barred from pursuing claims based on alleged violations before June

8, 2016. And Plaintiff's claim for statutory damages under the PPPA is limited to alleged violations occurring "during the relevant pre-July 31, 2016 time period," ECF No. 1, PageID.2 ¶ 1, as the statute was amended in 2016 to eliminate the availability of statutory damages. So to state a claim for statutory damages under the PPPA, Plaintiff must allege a violation of the statute after June 8, 2016 (claims accruing earlier are time barred) and July 31, 2016 (claims accruing later cannot recover statutory damages). In other words, Plaintiff has the burden of alleging facts showing that ABA violated the PPPA during those 53 days. Yet Plaintiff's non-specific allegations—mostly a third party's "mailing list" from March 2022 and an allegation of receiving "junk mail" at an unspecified time before July 31, 2016—fail to carry this burden. The Complaint thus fails to state a claim.

In accordance with Local Rule 7.1(a), Defendant's counsel certifies that there was a conference between attorneys entitled to be heard on the motion in which counsel for Defendant explained the nature of this motion and its legal basis and requested but did not obtain concurrence in the relief sought.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

/s/ *Jena M. Valdetero*
Jena M. Valdetero (P82366)
77 West Wacker, Suite 3100
Chicago, Illinois 60601
(312) 456-1025
valdeteroj@gtlaw.com

Christopher S. Dodrill
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
(214) 665-3681
dodrillc@gtlaw.com

**BUSH SEYFERTH PLLC**

Moheeb H. Murray (P63893)
100 West Big Beaver, Suite 400
Troy, Michigan 48084
(248) 822-7809
murray@bsplaw.com

*Counsel for Defendant*
*American Bar Association*

## CERTIFICATE OF SERVICE

    I certify that on August 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will provide electronic notice and copies of such filing to counsel of record.

/s/ *Christopher S. Dodrill*
Christopher S. Dodrill